UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
HARD CHROME SOLUTIONS LLC, FRANK :
NICHOLAS, and TINA LEO, :
:
                                  Plaintiffs,    :      ORDER
:
        -against-                        :      22-CV-3439 (ENV)MMH)
:
MACHINERY EQUIP. REBUILDERS, U.S. :
GEARBOX REPAIR, A&J MACHINE BUILDERS, :
STEVE MILLER, PAUL MILLER, JIMMY MILLER,:
ANDREW MILLER, FRANK MILLER, and :
NICODEMUS MILLER, :
:
                                  Defendants.    :
------------------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

      Plaintiffs Hard Chrome Solutions LLC, Frank Nicholas, and Tina Leo sued against Defendants Machinery Equip. Rebuilders ("Machinery"), U.S. Gearbox Repair, A&J Machine Builders, Steve Miller, Paul Miller, Jimmy Miller, Andrew Miller, Frank Miller, and Nicodemus Miller. (*See generally* Compl., ECF No. 1.)[1]  Before this Court are Plaintiffs' motions to compel. (*See* 1st Mot. to Compel, ECF No. 29; 2d Mot. to Compel, ECF No. 39.)

      Plaintiffs have twice moved to compel responses to interrogatories ("ROGs") and requests for production of documents ("RFPs"). (1st Mot. to Compel, ECF No. 29; 2d Mot. to Compel, ECF No. 39.) The Court partially disposed of these motions at the March and April 2023 conferences and reserved decision on the remaining issues. (Mar. 23, 2023 Min. Entry; April 27, 2023 Min. Entry.) This Order sets forth the Court's rulings on the remaining issues

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "ECF No. ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

in Plaintiffs' first motion (ECF No. 29) and the rulings on all issues in Plaintiffs' second motion (ECF No. 39).  For the reasons stated below, and at the previous hearings before the Court, both motions are **granted in part**.

I.   LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  *N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 47 (E.D.N.Y. 2018).  Once there is a showing of relevance, "then the party withholding discovery on the grounds of burden, expense, privilege, or work product bears the burden of proving the discovery is in fact privileged or work product, unduly burdensome and/or expensive."  *Winfield v. City of New York*, No. 15-CV-05236 (LTS)(KHP), 2018 WL 716013, at *4 (S.D.N.Y. Feb. 1, 2018).

II.   FIRST MOTION TO COMPEL

Plaintiffs' previous motion to compel remains outstanding as to requests for production 20, 22, 24 to 31, 33, 39 to 42, and 52.  (*See* 1st Mot. to Compel, ECF No. 29; Mar. 23, 2023 Transcript, ECF No. 36 at 71:15–17.)

A.   RFPs 20, 22, 24, 29, 30, 31, 33, 41, 52

In RFP 20, Plaintiffs requested "[d]ocuments sufficient to demonstrate Paul Miller's experience in the machine repair business, including, but not limited to, any licenses, certifications or accreditations."  (1st Mot. to Compel Ex. G, ECF No. 29-7 at 8.)  In RFP 22, Plaintiffs requested "[d]ocuments or communications sufficient to identify the Corporate

2

Defendants' customers during the Relevant Period." (*Id.* at 9.) In RFP 31, Plaintiffs requested "[d]ocuments reflecting, summarizing, or relating to any investigation you or anyone acting on your behalf conducted pertaining to any Plaintiff or Plaintiffs' family members or known affiliates." (*Id.* at 10.) In RFP 33, Plaintiffs requested "[a]ll documents and communications concerning the identity of any Persons associated with you and which you are aware of have communicated with the Plaintiffs during the Relevant Period." (*Id.* at 10–11.) In RFP 41, Plaintiffs requested "[a]ll documents concerning any complaints or claims made against Defendants during the relevant period, whether such complaints be judicial, formal, administrative or otherwise." (*Id.* at 12.) In RFP 52, Plaintiffs requested "[a]ll commercial liability policies issued to any Corporate Plaintiff since January 1, 2019 through to the present." (*Id.* at 14.)

In response to RFPs 20, 22, 31, 33, 41, and 52, Defendants responded that they did not have any documentation responsive to that demand. (*Id.* at 8–9, 11–12, 14.)

In RFP 24, Plaintiffs requested "[d]ocuments sufficient to identify the corporate structure and individual ownership interests of the Corporate Defendants." (1st Mot. to Compel Ex. G, ECF No. 29-7 at 9.) Defendants responded with a document for one corporate defendant, Machinery, and explained that they did not have any other documentation responsive to that demand. (*Id.*)

In RFP 29, Plaintiffs requested "[a]ll documents or communications by or between any Defendant and Eric Butler, Maverick Engineered Products LLC, Central Jersey Trucking & Rigging, Inc, or Dennis Sargenti." (1st Mot. to Compel Ex. G, ECF No. 29-7 at 10.) Defendants responded, "There are none, all communications were done via cellphone calls." (*Id.*)

3

In RFP 30, Plaintiffs requested "[d]ocuments and communications sufficient to identify any search engine optimization techniques utilized by any Defendant during the Relevant Period, including the use of 'key words,' if any, utilized in connection with Google Ads." (1st Mot. to Compel Ex. G, ECF No. 29-7 at 10.) Defendants responded, "Defendants do [not] possess the requested documentation."[2] (*Id.*)

Plaintiffs' motion as to RFPs 20, 22, 24, 29, 30, 31, 33, 41, and 52 is **denied** because the Court cannot require Defendants to "produce the impossible," and Plaintiffs do not "cite to specific evidence to challenge Defendants' assertions that no additional responsive documents exist." *Mason Tenders Dist. Council v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016).

### B.   RFPs 25, 26, 27

In RFP 25, Plaintiffs requested "[d]ocuments sufficient to identify the Corporate Defendant officers, directors and executives." (1st Mot. to Compel Ex. G, ECF No. 29-7 at 9.) Defendants responded by referring Plaintiffs to the document for Machinery but did not specify its response as to the remaining corporate defendants. (*Id.*)

In RFP 26, Plaintiffs requested "[t]he Corporate Defendants articles of incorporation, corporate charters, business or corporate registrations, licenses and authorities to conduct business, issued by, any local, state, federal, or other governmental authority." (1st Mot. to Compel Ex. G, ECF No. 29-7 at 9.) Defendants responded by referring Plaintiffs to the

---

[2] The Court notes that Defendants appear to have mistakenly omitted "not" from their response to the RFP because their response to Plaintiffs' deficiency letter clarifies that they do not have responsive documentation to RFP 30. (ECF No. 29-14 at 3.)

4

document for Machinery but did not specify its response as to the remaining corporate defendants. (*Id.*)

In RFP 27, Plaintiffs requested "[t]he Corporate Defendants by-laws, shareholder agreements, operating agreements and minutes of any meetings of the Board of Directors, shareholders partners, officers or directors." (1st Mot. to Compel Ex. G, ECF No. 29-7 at 9–10.) Defendants responded by referring Plaintiffs to the document for Machinery but did not specify its response as to the remaining corporate defendants. (*Id.* at 10.)

Plaintiffs' motion as to RFPs 25, 26, and 27 is **granted**. For each of these RFPs, Defendants shall supplement their response with documents about the other corporate defendants. Defendants shall serve written responses, either producing the requested information or stating that no responsive documents exist. The written responses shall be verified by each of the defendants individually and by a representative of the corporate defendants, as the Court directed at the April 27, 2023, hearing. (April 27, 2023 Tr., ECF No. 45 at 41:22–42:3.)

C. **RFP 28**

In RFP 28, Plaintiffs requested "[a]ll invoices or other documents prepared for or delivered to T&P Machine Company, Michael Pasquale, or Commercial Plastics Recycling, Inc." (1st Mot. to Compel Ex. G, ECF No. 29-7 at 10.) Defendants responded, "Please see Exhibit F, Invoice." (*Id.*) Plaintiffs asserted in their deficiency letter that Exhibit F failed to address the request, and Defendants did not object to this assertion. (1st Mot. to Compel Ex. K, ECF No. 29-11 at 7; *see id.* Ex. N, ECF No. 29-14.)

Plaintiffs' motion as to RFP 28 is granted. Defendants shall supplement their response with additional information to address all parts of Plaintiff's request. The responses need to

5

be verified by each of the defendants individually and by a representative of the corporate defendants, as the Court directed at the April 27, 2023, hearing. (April 27, 2023 Tr., ECF No. 45 at 41:22–42:3.)

### D. RFP 39

In RFP 39, Plaintiffs requested "[d]ocuments sufficient to show the content of each of the Corporate Plaintiffs' websites from January 1, 2019 through to the present, including all variations and modifications thereto." (1st Mot. to Compel Ex. G, ECF No. 29-7 at 12.) Defendants responded with hyperlinks to websites for Machinery and Gearbox. (*Id.*) Plaintiffs asserted this response was deficient because "these references do not contemplate what other images or content, if any, may have appeared on these websites prior to the present." (*Id.* Ex. K, ECF No. 29-11 at 6–7.)

Plaintiffs' motion as to RFP 39 is **denied**. This request is extremely broad, and Plaintiffs have not shown how it is proportional to their needs. Fed. R. Civ. P. 26(b)(1).

### E. RFP 40

In RFP 40, Plaintiffs request "[a]ll cease and desist letters or demand letters sent by or on behalf of any Defendants." (1st Mot. to Compel Ex. G, ECF No. 29-7 at 12.) Defendants referred Plaintiffs to Defendants' counsel's cease and desist letter. (*Id.*) Plaintiffs do not explain how this response is deficient. (*See id.* Ex. K, ECF No. 29-11.)

Plaintiffs' motion as to RFP 40 is **denied** because Defendants have responded and there is no deficiency readily apparent to the Court.

### F. RFP 42

In RFP 42, Plaintiffs requested "[a]ll documents concerning any complaints, claims, or charges you have made against Plaintiffs, or Plaintiffs' family members during the relevant

6

period, whether such complaints, claims, or charges be judicial, formal, administrative, or otherwise." (1st Mot. to Compel Ex. G, ECF No. 29-7 at 12.) Defendants responded that Paul Miller had filed a police report against Frank Nicholas "in the 123 Precinct in Staten Island" but that they did not have the police report. (*Id.*)

Plaintiff's motion as to RFP 42 is granted because Defendants have the practical ability to obtain the police report, meaning it is within their control under Fed. R. Civ. P. 34. *In re NTL, Inc. Secs. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007) ("Courts have interpreted Rule 34 to require production if the party has the practical ability to obtain the documents from another, irrespective of his legal entitlement to the documents" (cleaned up)). Defendants shall produce the documents with a written response verified by each of the defendants individually and by a representative of the corporate defendants, as the Court directed at the April 27, 2023, hearing. (April 27, 2023 Tr., ECF No. 45 at 41:22–42:3.)

### III.   SECOND MOTION TO COMPEL

On April 17, 2023, Plaintiffs moved for contempt and to compel compliance with the Court's rulings at the March 21, 2023, conference. (2d Mot. to Compel, ECF No. 39.) At a motion hearing, the Court granted the motion to compel as to RFPs 9, 10, 11, 34, 35, 36, 37, and 38 and as to ROGs 9, 10, 13, 14, and 15. (April 27, 2023 Min. Entry.) The Court clarified that the verification for each ROG must be signed by each individual defendant and by a representative of each corporate defendant. (*Id.*) The Court reserved decision on Plaintiffs' request to compel a privilege log and motion for contempt. (*Id.*)

#### A.   Privilege Log

When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must . . . expressly make that claim; and . . . describe the

7

nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(a)(5).

Plaintiffs request a privilege log to the extent that Defendants withheld any information or documents based on privilege. (April 27, 2023, Tr., ECF No. 45 at 47:9–18; Proposed Order, ECF No. 44-1 at 5.) In their response to Plaintiffs' deficiency letter, Defendants objected to providing any documents or communications that were privileged in response to ROG 5 and RFPs 12 through 15. (ECF No. 29-14 at 1, 4.)

To the extent Defendants are withholding information or documents on the basis of privilege for ROG 5 and RFPs 12 through 15, Defendants shall produce a privilege log to Plaintiffs describing the nature of the documents, communications, or tangible things not produced or disclosed. Fed. R. Civ. P. 26(a)(5).

### B. Sanctions

If a court grants a discovery motion, "the court must, after giving an opportunity to be hard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). "But the court must not order payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust." *Id.*

Here, Plaintiffs' request for sanctions under Rule 37(a)(5) is denied without prejudice. The Court previously noted that Defendants had made efforts to comply with its rulings at the March 21, 2023, conference. (April 27, 2023, Tr., ECF No. 45 at 51:20–52:1.) Defendants made additional assurances of his good faith and intent to comply with discovery requirements

at the April 27, 2023, conference. (*See generally id.*) In light of the foregoing, an award of expenses at this juncture is not warranted.

## IV.     CONCLUSION

For the foregoing reasons, in addition to the rulings made at the March 23, 2023, and April 27, 2023, conferences, the Court **grants in part** Plaintiffs' motions to compel at 29 and 39. The parties shall comply with the Court's directives in this Order by **November 1, 2023** and shall file a joint status report regarding same by **November 3, 2023**.

<strong>SO ORDERED.</strong>

Brooklyn, New York
September 30, 2023

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge